JOHN PRIOR, Plaintiff in Error, *vs.* JOHN JACOBSON *et al.*
Defendants in Error.

*Opinion filed October 22, 1927.*

1. WILLS—*when finding that will was altered prior to execution is justified.* The mere fact that an interlineation and erasure are made in a will does not of itself, in law, furnish any presumption as to when or by whom the interlineation and erasure were made, and the court is justified in finding that a change in the name of a devisee was made prior to the execution of the will, where evidence is uncontradicted that the testatrix directed the change to be made after the will was first read to her, that the change was made, that the will was read again, and then executed.

2. SAME—*subscribing witness is no more competent than other witnesses to testify to alteration of will.* A subscribing witness attesting a signature to a will is no more competent on the question whether anything has occurred to the will subsequent to the attestation than anybody else.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. WALTER P. STEFFEN, Judge, presiding.

JAMES MAHONEY, and E. W. ADKINSON, for plaintiff in error.

JOHN V. CLINNIN, and ALFRED A. NORTON, for defendants in error.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

November 8, 1924, Annie Jacobson, wife of defendant in error John Jacobson, a resident of Chicago, died testate, leaving as her only lineal descendant a son, defendant in error Francis Emmet Prior. Her last will and testament was duly ordered entered of record by the probate court of Cook county, and by it as entered of record she devised and bequeathed all of her property of every kind to her son, "Francis Annet Prior," and nominated him as executor.

Before her marriage with Jacobson she had been married to Timothy Prior, the father of Francis. Timothy had had seven children. Among them was plaintiff in error, John Prior, by a marriage before the one with Annie Jacobson. Within one year after the last will and testament of Annie Jacobson had been ordered entered of record plaintiff in error filed his bill in chancery in the superior court of Cook county against defendants in error, alleging that the instrument presented to the probate court as the last will and testament of Annie Jacobson, at the time of its execution by her contained the clause, "I hereby give, devise and bequeath all of my property, real, personal and mixed, of whatever nature or kind and wheresoever situated, to my beloved son, John Prior;" that said clause, as presented to the court, had the name "John" crossed out and over the same was written the name "Francis Annet;" that as executed, by the last clause of the will John Prior was nominated as executor thereof, and that after its execution the name "John" had been stricken out and the name "Francis Amit" had been inserted in lieu thereof. The bill prayed that the change in the will might be corrected and plaintiff in error be declared to be the sole legatee and devisee under the will. Defendants in error filed their answer to the bill, admitting that the will as entered of record had the name "John" crossed out by penstroke and over the same was written the name "Francis Annet," but averring that this was done prior to the execution of the will by Annie Jacobson, and that the change with reference to the nomination of the executor of the will had also been made prior to the execution of the .will. The only question litigated in the superior court was whether or not these changes had been made before or after the execution of the will.

The undisputed evidence in the case shows that on October 25, 1924, Francis Emmet Prior called at the office of John M. Pollock, a lawyer, and had a conversation with him; that as the result of that conversation Pollock on the

following day went to St. Anthony's Hospital, where An-
nie Jacobson then was, and had a conversation with her, in
which she instructed him to prepare her will, and that upon
the following day he caused a typewritten will to be pre-
pared; that in the will so prepared he caused to be inserted
after the words therein leaving all her property "to my be-
loved son," the name "John Prior;" that he had known
Francis Emmet Prior since he was two years old but did
not know that his name was Francis Emmet, and when
asked, when testifying as a witness, if he had known him
by any particular name, answered, "I called him John;"
that the will as prepared on October 27, 1924, at the re-
quest of the attorney was taken to the hospital by an ad-
juster in his employ (one of the subscribing witnesses) and
by him read to the testatrix, and that thereupon she said,
"John Prior is not my son; Francis Emmet is;" that the
adjuster thereupon scratched out the name "John" with a
pen and in both instances substituted the Christian names
as they appear in the will as entered of record; that as
altered he then read the will to the testatrix in the presence
of one of the other subscribing witnesses and that it was
thereafter executed. As against this uncontradicted testi-
mony plaintiff in error contends that the presumption as to
interlineations or erasures in a will is that they were made
after its execution, and that the fact that the subscribing
witnesses to the will, other than the adjuster, had no recol-
lection as to whether or not any interlineations appeared
on the face of the will at the time of its execution shows
that they were made afterward. The mere fact that an
erasure and interlineation were made in the will does not
of itself, in law, furnish any presumption as to when
or by whom such interlineation and erasure were made.
(*Schmidt* v. *Bauermeister,* 279 Ill. 504; *Webster* v. *Yorty,*
194 id. 408.) A subscribing witness attesting a signature
to a will is no more competent on the question whether
anything has occurred to the will subsequent to the attes-

tation than anybody else. (*Webster* v. *Yorty, supra.*) The evidence in the case clearly shows that the interlineations and erasures were made in the will prior to its execution.

The superior court dismissed the bill for want of equity and was fully justified by the evidence in so doing, and its decree is affirmed.

*Decree affirmed.*